IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Benita Dinkins-Robinson,<br><br>    PLAINTIFF<br><br>    v.<br><br>South Carolina Department of Education; Todd Bedenbaugh,<br><br>    DEFENDANTS | Case No. 3:17-cv-02629-TLW<br><br>**Order** |

Plaintiff Benita Dinkins-Robinson, proceeding *pro se*, filed this civil action alleging various federal and state causes of action. ECF No. 1. The matter now comes before the Court for review of the Report and Recommendation (R&R) filed by the magistrate judge to whom this case was assigned. ECF No. 7. In the R&R, the magistrate judge recommends that the Complaint be dismissed without prejudice and without issuance and service of process. Soon after the issuance of the R&R, Plaintiff filed an Amended Complaint that was substantially identical to the Complaint.[1] ECF No. 14. She also filed objections to the R&R. ECF No. 13. This matter is now ripe for decision.

In reviewing the R&R, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo

---

[1] The Amended Complaint added Todd Bedenbaugh as a defendant, but it did not explain who he is, and there is no reference to him in the Amended Complaint. An individual named Todd Benendum is included in a list of individuals who "will testify and vertify [sic] the above Title IV and Title VI violations." ECF No. 14 at 6, ¶ 35. It is not clear if this is the same person.

1

> or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the R&R and the objections. After careful review of the R&R and the objections, for the reasons stated by the magistrate judge, the R&R is **ACCEPTED**. Plaintiff's objections are **OVERRULED**. Plaintiff's Complaint and Amended Complaint are hereby **DISMISSED WITHOUT PREJUDICE**.[2]

Additionally, under 28 U.S.C. § 1367(c)(3) and after consideration of the relevant factors, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (directing district courts to consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy").

Plaintiff also seeks a change in venue and the undersigned's recusal because the undersigned was the judge for her criminal trial and sentencing.[3] ECF No. 15. There is no merit to this motion, and it is therefore **DENIED**. *See, e.g.*, 28 U.S.C. § 455 (setting forth the standard for recusal); *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of

---

[2] Because the Amended Complaint is virtually identical to the Complaint, the analysis in the R&R applies equally to the Amended Complaint.

[3] Contemporaneously with the issuance of this order, the Court has denied Plaintiff's 28 U.S.C. § 2255 petition challenging her federal convictions. *Dinkins-Robinson v. United States*, No. 3:14-cr-00300-TLW-1 (D.S.C.), ECF No. 150.

prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."); *Marks v. Cook*, 347 F. App'x 915, 917 (4th Cir. 2009) (holding that the district judge properly denied a motion for recusal in a civil case where the judge previously presided over a criminal proceeding against one of the plaintiffs).

  **IT IS SO ORDERED**.

            *s/ Terry L. Wooten*
            Terry L. Wooten
            Chief United States District Judge

September 7, 2018
Columbia, South Carolina